UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
DAVID WEISS,                              :
                        Plaintiff,        :
                                          :      06 Civ. 4402 (DLC)
            -v-                           :
                                          :      OPINION & ORDER
JPMORGAN CHASE & COMPANY,                 :
                        Defendant.        :
                                          :
-----------------------------------------X

APPEARANCES:

For Plaintiff:

Joseph D. Garrison
Garrison, Levin-Epstein, Chimes, Richardson & Fitzgerald, P.C.
405 Orange Street
New Haven, CT  06511

For Defendant:

John D. Giansello
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103

DENISE COTE, District Judge:

On the eve of trial, plaintiff David Weiss ("Weiss") and defendant JPMorgan Chase & Co. ("JPMorgan") jointly seek resolution of a legal issue, namely whether the "but-for" causation standard applicable to plaintiff's age discrimination claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), should also be applied to plaintiff's age discrimination claim under the New York City

Human Rights Law, N.Y.C. Administrative Code § 8-101 et seq.
("NYCHRL").  The parties do not dispute that pursuant to the
Supreme Court's decision in Gross v. FBL Services, 129 S.Ct.
2343 (2009), the "but-for" standard applies to plaintiff's ADEA
claim.  The parties do dispute, however, whether this standard
also applies to plaintiff's NYCHRL claim.  For the following
reasons, the "but-for" causation standard does not apply to age
discrimination claims brought under the NYCHRL.  Rather, the
NYCHRL requires only that a plaintiff prove that age was "a
motivating factor" for an adverse employment action.

The ADEA and NYCHRL both prohibit age discrimination in
employment decisions.  The NYCHRL provides in pertinent part:

> It shall be an unlawful discriminatory practice . . .
> [f]or an employer or an employee or agent thereof,
> because of the actual or perceived age, race, creed,
> color, national origin, gender, disability, marital
> status, partnership status, sexual orientation or
> alienage or citizenship status of any person, to
> refuse to hire or employ or to bar or to discharge
> from employment such person or to discriminate against
> such person in compensation or in terms, conditions or
> privileges of employment.

N.Y.C. Administrative Code § 8-107(1)(a) (emphasis added).  The
language of the NYCHRL closely tracks that of the federal anti-
discrimination statutes.  Title VII of the Civil Rights Act of
1964, 42 U.S.C. § 2000e et seq., provides in pertinent part:

> It shall be an unlawful employment practice for an
> employer . . . to fail or refuse to hire or to
> discharge any individual, or otherwise to discriminate
> against any individual with respect to his

compensation, terms, conditions, or privileges of
employment, <u>because of</u> such individual's race, color,
religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1) (emphasis added). Similarly, the ADEA provides in pertinent part:

It shall be unlawful for an employer . . . to fail or
refuse to hire or to discharge any individual or
otherwise discriminate against any individual with
respect to his compensation, terms, conditions, or
privileges of employment, <u>because of</u> such individual's
age.

29 U.S.C. § 623(a)(1) (emphasis added).

Until the Supreme Court's decision in <u>Gross</u>, 129 S.Ct. 2343, the "because of" language in the ADEA was interpreted to permit plaintiffs to prevail by presenting evidence that age was a motivating factor in an adverse employment decision. <u>See, e.g.</u>, <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62, 76 (2d Cir. 2001). If a plaintiff met this burden, a defendant could rely on the affirmative defense that it would have made the same decision even if it had not taken age into account. <u>See</u> <u>id.</u> at 79. This framework, taken from the Court's foundational Title VII decision in <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989), had been applied to Title VII and ADEA cases until <u>Gross</u>. <u>See, e.g.</u>, <u>Ostrowski v. Atlantic Mut. Ins. Cos.</u>, 968 F.2d 171, 180 (2d Cir. 1992).

In <u>Gross</u>, the Supreme Court held that its interpretation of the ADEA is not governed by Title VII decisions such as <u>Price Waterhouse</u>, 490 U.S. 228, and <u>Desert Palace, Inc. v. Costa</u>, 539

3

U.S. 90 (2003). See 129 S.Ct. at 2349. Pointing out that Congress had amended Title VII in 1991 to authorize discrimination claims in which an employer's improper consideration was "a motivating factor" for the adverse employment action, see Gross, 129 S.Ct. at 2349 (citing 42 U.S.C. §§ 2000e-2(m))[1], but that Congress had made no such parallel amendment to the ADEA, the Court held that there is a separate causation standard for ADEA claims. Specifically, the Court interpreted the "because of" language in the ADEA to mean that age must be the "reason" that an employer decided to act. 129 S.Ct. at 2350. "To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." Id. (citation omitted). Thus, under the ADEA, "the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action." Id. at 2351.

Because NYCHRL claims have "typically been treated as co-extensive with state and federal counterparts," Loeffler v.

---

[1] The 1991 amendment to Title VII provided in pertinent part:
> Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

42 U.S.C. § 2002-2(m) (emphasis added).

4

Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009), the Second Circuit has traditionally applied the same analytic framework and causation standard to claims brought under the ADEA, the NYCHRL, and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"). See, e.g., Tomassi v. Insignia Fin. Group, Inc., 478 F.3d 111, 114 n.3 (2d Cir. 2007); Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001).[2]  At least until Gross, this meant that the Price Waterhouse jury charge was available where a plaintiff asserting an age discrimination claim under the ADEA, the NYSHRL, or the NYCHRL proffered sufficient evidence to allow the jury to find both prohibited and permissible motives. See, e.g., Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1180 (2d Cir. 1992) (discussing the availability of the Price Waterhouse instruction for claims under ADEA and the NYSHRL).

The Supreme Court's interpretation of the ADEA's "because of" language in Gross raises the question of whether the "but-for" standard should now be applied to age discrimination claims under the NYCHRL.  Neither the Second Circuit nor the New York

---

[2] New York courts have also traditionally read the NYCHRL as being equivalent to its federal counterparts. See McGrath v. Toys "R" Us, Inc., 821 N.E.2d 519, 522 (N.Y. 2004) ("Where our state and local civil rights statutes are substantively and textually similar to their federal counterparts, our Court has generally interpreted them consistently with federal precedent."); see also Forrest v. Jewish Guild for the Blind, 765 N.Y.S.2d 326, 332-33 (1st Dep't 2003).

5

Court of Appeals has addressed this question.[3] JPMorgan would answer the question in the affirmative. JPMorgan argues that since the "because of" language appears in both the ADEA and the NYCHRL, there is "no reasonable textual basis" to distinguish between the causation standards under the two statutes. JPMorgan's interpretation of the NYCHRL is unavailing.

In the absence of authoritative law from the state's highest court, a federal court construing a state law claim must predict how the New York Court of Appeals would resolve the state law question. Runner v. New York Stock Exchange, Inc., 568 F.3d 383, 386 (2d Cir. 2009) (citation omitted); see also Tom Rice Buick-Pontiac v. General Motors Corp., 551 F.3d 149, 154 (2d Cir. 2008). "In making this prediction, [a court] give[s] the fullest weight to pronouncements of the state's highest court while giving proper regard to relevant rulings of the state's lower courts." Runner, 568 F.3d at 386 (citation omitted). The starting point for any statutory interpretation question is, of course, the text of the statute. Tom Rice, 551 F.3d at 155.

---

[3] Leibowitz v. Cornell University, 584 F.3d 487 (2d Cir. 2009), is the only Second Circuit decision addressing an age discrimination claim under the ADEA and NYCHRL since Gross. In Leibowitz, which addressed claims arising in 2003, the court noted that "[a]ge discrimination claims brought pursuant to the . . . NYCHRL are analyzed under the ADEA framework," id. at 498 n.1 (emphasis added), but was silent on whether the ADEA's "but for" causation standard applies to age discrimination claims under the NYCHRL.

In 2005, the New York City Council explicitly rejected the notion that the NYCHRL is equivalent to its federal counterparts, despite any textual similarities between them. See Loeffler, 582 F.3d at 278. The Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 (Oct. 3, 2005) (the "Restoration Act") amended the NYCHRL to, inter alia, abolish "parallelism" between the NYCHRL and its federal and state counterparts. Loeffler, 582 F.3d at 278. Specifically, the Restoration Act amended the construction provision of the NYCHRL to read:

> The provisions of this [] title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7.[4] The Second Circuit has interpreted the

---

[4] In determining the "uniquely broad and remedial purposes" of the NYCHRL, the First Department in Williams v. N.Y. City Hous. Auth., 872 N.Y.S.2d 27 (1st Dep't 2009), found that the Committee Report accompanying the Restoration Act provides "significant guidance." Id. at 32. Thus, the Committee Report states that the intent of the Restoration Act was "to ensure construction of the [NYCHRL] in line with the purposes of fundamental amendments to the law enacted in 1991," all of which expanded, not restricted, the protections afforded by the NYCHRL. See id. at 31. The Restoration Act was also intended to "reverse the pattern of judicial decisions that had improvidently narrowed the scope of the [NYCHRL's] protections." Id. at 31 (emphasis added). Further, one of the "key principles" that should guide a court's analysis of claims brought pursuant to the NYCHRL is that "discrimination should not play a role in decisions made by employers." Id. (emphasis added).

7

Restoration Act as requiring courts to review claims under the NYCHRL "independently from and more liberally" than their federal counterparts. Loeffler, 582 F.3d at 278 (citation omitted). In interpreting the NYCHRL, a court must "view[] similarly worded provisions of federal and state civil rights laws as a <u>floor</u> below which the [NYCHRL] cannot fall." Id. (citing Restoration Act § 1) (emphasis in original). Thus, the Restoration Act created a "one-way ratchet." Id.

Tellingly, even after enactment of the Restoration Act, the Second Circuit has continued to apply the same "motivating factor" causation standard to employment discrimination claims under the NYCHRL that applies to equivalent claims under Title VII. See, e.g., Patane v. Clark, 508 F.3d 106, 112-13 (2d Cir. 2007) (applying Title VII standard to gender discrimination claim under NYCHRL). At least until Gross, this standard was also applied to age discrimination claims under the NYCHRL. See, e.g., Tomassi, 478 F.3d at 114 & n.3 (determining under the NYCHRL whether plaintiff's "dismissal was motivated at least in part by age discrimination"). The application of a uniform causation standard to employment discrimination claims under the NYCHRL makes sense in light of its text. Unlike federal law, the NYCHRL does <u>not</u> differentiate between age and other protected characteristics, such as gender, race, and religion. See N.Y.C. Administrative Code § 8-107(1)(a).

8

Since there is no textual support for differentiating among NYCHRL employment discrimination claims, if "because of" were interpreted to impose a "but-for" causation standard for age discrimination claims, the same restrictive standard would necessarily apply to claims based on other protected characteristics. If this were the case, the NYCHRL would actually provide <u>less</u> protection against other types of discrimination, such as that based on race, gender, or religion, than is currently provided by Title VII. Such a result would be perverse given that federal civil rights laws are supposed to be a "<u>floor</u>" below which the NYCHRL cannot fall. See Loeffler, 582 F.3d at 278. It would also be contrary to the Second Circuit's instruction that courts must review claims under the NYCHRL "independently from and more liberally" than their federal counterparts. Id. (citation omitted).

Accordingly, instead of carving out a more restrictive causation standard for age discrimination claims under the NYCHRL, its "because of" language should continue to be interpreted as requiring a plaintiff to prove only that age was "a motivating factor." This interpretation is consistent with the text of the NYCHRL and maintains a uniform causation standard for employment discrimination claims under the NYCHRL, regardless of the protected characteristic at issue.

CONCLUSION

The causation standards for Weiss' age discrimination claims under the ADEA and NYCHRL are different as a matter of law. Under the ADEA, Weiss must prove by a preponderance of the evidence that age was a "but-for" cause of JPMorgan's adverse employment decision. A Price Waterhouse jury instruction will not be available for Weiss' ADEA claim. Under the NYCHRL, however, Weiss need only prove by a preponderance of the evidence that his age was "a motivating factor" in JPMorgan's decision. If Weiss meets this burden, JPMorgan may attempt to prove that it would have made the same decision even if it had not taken Weiss' age into account.

SO ORDERED:

Dated: New York, New York
January 13, 2010

                                            DENISE COTE
                                  United States District Judge